**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

RONDALEE S. LAWRENCE,

    Plaintiff,                       CASE NO. 07-CV-13161

v.                                DISTRICT JUDGE THOMAS LUDINGTON
                                   MAGISTRATE JUDGE CHARLES BINDER

UNITED STATES POSTMASTER
GENERAL,

    Defendant.
    _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED**.

**II.    REPORT**

Pending, pursuant to an Order of Reference for general case management from District Judge Thomas L. Ludington issued July 31, 2007, is Plaintiff's Application to Proceed *In Forma Pauperis*. This Report and Recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990).

In 1892, Congress gave district courts the discretion to waive for indigents all or part of the fee normally required of a plaintiff upon the filing of a civil action. *See* Act of July 20, 1892, ch. 209, 27 Stat. 252 (codified as amended at 28 U.S.C. § 1915). Federal courts have statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP").

Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id.* A court may also direct the United States to pay expenses associated with printing records and transcripts, *see id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *See id.* § 1915(d). In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. An affidavit to proceed *IFP* is sufficient if one cannot, because of poverty, afford to pay for costs of litigation and still provide for herself. *Id.* at 339.

In the application submitted by Plaintiff, she states that she has approximately $1,200 in her checking account, $35,000 in savings, and owns a house valued at approximately $200,000. (Dkt. 2 at 2.) Plaintiff further avers that she has no dependents and is not employed. (*Id.*) Plaintiff is married; in her motion seeking appointment of counsel, she states that she and her husband live on his "disability/pension." (Dkt. 3.)

In *Martinez v. Michigan Dep't of Treasury*, No. 98-1835, 1999 WL 685916 (6th Cir. Aug. 23, 1999) (unpublished), the Sixth Circuit upheld a district court's denial of an application to proceed *IFP* where, although the plaintiff had only $5 in a checking or savings account, she listed a mortgaged home valued at $105,000 as an asset. Plaintiff in that case was receiving over $1000 per month in social security disability payments. The court there stated that the "district court did not abuse its discretion in denying pauper status under the facts of this case." *Id.* at \*\*1.

In *Matter of Anderson*, 130 B.R. 497 (W.D. Mich. 1991), the court held that a bankruptcy debtor was not so impoverished so as to justify the waiver of fees, where the debtor listed $884 of monthly income and $833 of monthly expenses in her Chapter 13 statement. The court noted that in a subsequent bankruptcy filing, the debtor listed income of $950 per month and no dependents. In denying IFP status, the court compared plaintiff's circumstances to the then-current poverty level for a person living in Michigan, which was $6,620 per year. *Id. See also Green v. Cotton Concentration Co.*, 294 F. Supp. 34 (S.D. Tex. 1968) (denial of pauper status to plaintiffs who were employed and had earnings of less than $350 per month).

Upon consideration of Plaintiff's application in light of the statutes and case law cited above, I suggest that Plaintiff is not so impoverished as to justify the waiver of fees. The Department of Health and Human Services' 2007 annual poverty level guideline for a single adult is $10,210 and for a family of three is $17,170.[1] Although Plaintiff has no personal income, she has assets of considerable value and a household income from her husband's pension. In light of these facts, I suggest that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself. *See Adkins*, 335 U.S. at 339. Accordingly, I suggest that Plaintiff's application be denied because her access to court is not blocked by her financial condition, but rather, she is properly in the position of having to weigh the financial constraints posed by pursuing her complaint against the merits of her claims.

---

[1]This information is available on the Internet at http://aspe.hhs.gov/poverty/07poverty.shtml (last viewed September 11, 2007).

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                      s/ *Charles E. Binder*
                                      CHARLES E. BINDER
Dated: September 18, 2007           United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served on RondaLee S. Lawrence by first class mail.

Date: September 18, 2007                By    s/Jean L. Broucek
                                                      Case Manager to Magistrate Judge Binder