UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONDALEE S. LAWRENCE,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.
_____/

CASE NO. 07-CV-13161

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Doc. 40)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED.**

### II.    REPORT

#### A.    Introduction

By order of U.S. District Judge Thomas L. Ludington, this premises liability case brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), was referred to the undersigned magistrate judge for general pretrial case management on July 31, 2007.  Before the Court is Defendant's Motion for Summary Judgment, which was filed on June 19, 2009.  Plaintiff filed a response to the motion on July 20, 2009.  (Doc. 41.)  A reply was filed on August 6, 2009.  (Doc.

42.) Accordingly, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B. Background

Plaintiff alleges in her amended complaint that on the afternoon of December 17, 2004, she fell and injured herself while walking from the parking lot to the entrance of the U.S. Post Office on Third Street in West Branch, Michigan. (Am. Compl., Doc. 15 ¶¶ 2-5.) Plaintiff asserts that as she was nearing the entrance, a woman approached her from the opposite direction, and when Plaintiff stepped to her right to allow the woman to pass, she was "tripped by uneven cement in the sidewalk." (*Id*. ¶ 5.) Plaintiff contends that the sidewalk was unreasonably dangerous and that Defendant breached its duty to (1) maintain the premises in reasonable repair, (2) inspect the premises, (3) abate the settling of the foundation or concrete, and (4) warn pedestrians of the uneven walkway. (*Id*. ¶ 7.) The injuries sustained by Plaintiff include a fractured right patella, fractured right tibia, and torn meniscus. (*Id*. ¶ 8.) She seeks compensation for medical bills, mileage, loss of services, the need for attendant care, arthroscopic surgery of her right knee, pain, prescriptions, and long-term injuries, including but not limited to post-traumatic patellofemoral arthritis. (*Id*.)

Following discovery, Defendant filed the motion for summary judgment that is before the Court. Defendant moves for summary judgment on the basis that the uneven concrete was an open and obvious danger which precludes liability.

### C. Motion Standards

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the

moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

**D. Governing Law**

**1. Federal Tort Claims Act**

Liability of the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), is determined in accordance with the law of the place where the act or omission occurred. *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). In this case, since the injury and alleged tortious conduct occurred within the state of Michigan, the substantive law of Michigan applies.

**2. Premises Liability Cases Under Michigan Law**

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v. Consumers Power Co.*, 463 Mich. 1, 6, 615 N.W.2d 17 (2000). With regard to the duty element, the general rule is that a premises possessor "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp.*, 464 Mich. 512, 516, 629 N.W.2d 384 (2001). The Michigan Supreme Court has explained, however, that

> [t]his duty generally does not encompass a duty to protect an invitee from "open and obvious" dangers. *Lugo, supra* at 516, 629 N.W.2d 384. However, if there are "special aspects" of a condition that make even an "open and obvious" danger "unreasonably dangerous," the premises possessor maintains a duty to undertake reasonable precautions to protect invitees from such danger. *Id.* at 517, 629 N.W.2d 384. To determine whether a condition is "open and obvious," or whether there are "special aspects" that render even an "open and obvious" condition "unreasonably dangerous," the fact-finder must utilize an objective standard, i.e., a reasonably prudent person standard. *Id.* That is, in a premises liability action, the fact-finder must consider the "condition of the premises," not the condition of the plaintiff. *Id.* at 518 n.2, 629 N.W.2d 384.

*Mann v. Shusteric Enterprises, Inc.*, 470 Mich. 320, 683 N.W.2d 573 (2004) (citation form altered). The open and obvious doctrine in Michigan is not an "'exception' to the duty generally owed invitees, but rather [is] an integral part of the definition of that duty." *Lugo*, 464 Mich. at 516. Moreover, "the doctrine protects against liability whenever injury would have been avoided had an 'open and obvious' danger been observed, regardless of the alleged theories of liability." *Milliken v Walton Manor Mobile Home Park, Inc*., 234 Mich. App. 490, 497, 595 N.W.2d 152 (1999). Questions concerning the duty element of a negligence action are for the court to decide as a matter of law. *Scott v. Harper Recreation, Inc.*, 444 Mich. 441, 448, 506 N.W.2d 857 (1993).

Since the test to determine if a danger was open and obvious is whether the average person would have discovered it upon casual inspection, *Novotney v. Burger King*, 198 Mich. App. 470, 475, 499 N.W.2d 379 (1993), to survive a motion for summary judgment, a plaintiff must "come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence" of the danger, and therefore it is irrelevant whether the specific plaintiff in any given case actually saw the danger. *Id*. at 475. "[I]t is important for courts in deciding summary [judgment] motions by premises possessors in 'open and obvious' cases to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Lugo*, 464 Mich. at 516.

### E.    Analysis & Conclusion

Defendant points to Plaintiff's deposition testimony to establish that an ordinary user upon casual inspection could have discovered the existence of the uneven concrete and stepped over it. (Def.'s Br. in Supp., Doc. 40 at 1-3.) Plaintiff testified that, on the day that she fell, the pavement was dry and there was no snow or ice on the ground. (Lawrence Dep., Doc. 40, Ex. A at 43.) She

had parked about three parking spots from the door (*id*. at 38-39) and was carrying two letters in to the Post Office to be mailed. (*Id*. at 41-42.) As Plaintiff was walking on the sidewalk and approaching the entrance door, she saw an elderly lady coming towards her. (*Id*. at 42-43.) In order to give the elderly woman room to proceed down the middle of the walk, Plaintiff stepped aside to her right, tripped, and fell forward. (*Id*. at 42-43.) She was assisted by another Post Office customer, who helped her up by pulling her arm and then led her into the building. (*Id*. at 45.) Plaintiff reported her accident to Gary Brock, the Postmaster. (*Id*. at 46-47.) Plaintiff told Brock that she needed to go to the hospital, but she did not ask him to call an ambulance. (*Id*. at 55.) Plaintiff walked outside with Brock to show him where she tripped and fell, and she saw that the concrete was cracked and uneven. (*Id*. at 57.) Plaintiff drove herself to the hospital emergency room, where she was told she had a sprain. (*Id*. at 66.) She refused crutches. (*Id*.) She was told to rest and to keep her leg elevated and iced. (*Id*. at 67.)

A few days after Plaintiff's accident, Plaintiff and her husband took pictures of the area of uneven concrete where she tripped and fell. (Doc. 40 at Ex. B.) Plaintiff's notations on the pictures state that there was as much as a one-and-three-quarter-inch difference in height between the slabs of concrete making up that area of the sidewalk.[1] (*Id*.) Defendant asserts that, upon casual inspection, an ordinary user could see the obvious difference in pavement heights, and therefore it is entitled to summary judgment.

Plaintiff's counsel responds by asserting that Plaintiff had "no warning of the defective condition" before she fell. (Doc. 41 at 3.) Plaintiff also asserts that the uneven pavement "was not

---

[1] Although not applicable in this case because the property at issue is owned by the federal government and this case is proceeding under the FTCA, I note that Michigan has a governmental immunity statute that applies to property owned by municipalities which provides that "[a] discontinuity defect of less than 2 inches creates a rebuttable inference that the municipal corporation maintained the sidewalk . . . in reasonable repair." MICH. COMP. LAWS § 691.1402a(2).

open and obvious because the invitee-Plaintiff did not know of it, and there is no evidence that a reasonably careful person under the circumstances that existed in this case would have discovered the premises defect upon casual inspection." (*Id.* at 4-5.)  Plaintiff further states that "the risk of harm is unreasonable because injuries from falling cause great harm and injury." (*Id.* at 5.) Plaintiff asserts that Defendant is not entitled to summary judgment because it answered an interrogatory by stating that "Defendant denies that the sidewalk was uneven," but then it asserts in its motion for summary judgment that the "crack in the sidewalk . . . was an open and obvious danger." (*Id.*)  Finally, Plaintiff takes issue with Defendant's answer to an interrogatory stating that no formal inspections involving a written checklist were ever undertaken. Plaintiff asserts that this amounts to a breach of the duty to inspect and maintain the property. (*Id.* at 6.)

Having considered all of the arguments of the parties and the exhibits provided, I recommend that Defendant's motion for summary judgment be granted. First, I find that Plaintiff's assertion regarding the lack of "formal" inspections fails to demonstrate a triable issue of disputed material fact for a jury because, taking into account the entire interrogatory response, it is clear that Defendant did not deny conducting inspections of the property. Defendant's complete response was that "No formal inspections involving a written checklist or other formal procedures were undertaken, but the premises is reviewed on a daily basis, usually first thing in the morning, for maintenance and custodial concerns." (*Id.*)

Regarding the alleged "inconsistent" interrogatory responses, Defendant asserts that the interrogatory in question was confusing,[2] as it referred to a virtually unidentifiable point in the

---

[2] The question was: "At the time of the incident, where [sic] you aware that the sidewalk was uneven at the same point where it was intruded upon by the base of a flag pole, which in turn narrows the area available for use by business invitees?" (Doc. 42 at 1.)

7

sidewalk, and that Defendant's answer does not preclude it from asserting that the danger was open and obvious at the place that Plaintiff identified in her photographs as the place where she tripped. (Doc. 42 at 1-2.) I conclude that Defendant's opinion that the question was confusing is entirely reasonable, and therefore find that Defendant's answer does not preclude it from asserting an open-and-obvious defense to liability.

In spite of Plaintiff's formulations, Michigan law instructs that the real issue before the Court is whether Plaintiff has in fact "come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence of the [uneven pavement.]" *Novotney*, 198 Mich. App. at 475. Plaintiff herself stated in her deposition that after she went in the bathroom of the Post Office to inspect her knee, she walked back outside with a postal employee and showed him the uneven cracked place in the walkway where she fell. (Lawrence Dep. at 57.) She also stated that there was no snow or ice on the pavement that day, and that it was dry. (*Id*. at 38.) In addition, the photographs provided by Plaintiff clearly show a point in the walkway where two slabs of concrete – which may have at one time been level – have shifted so that one slab is extending up higher than the other, creating an uneven surface. (Doc. 41 at 2.) Thus, there is no indication in this case that Plaintiff could not have determined the existence of the "discontinuity" of the pavement had she inspected the walkway in front of her. The allegations are only that she did not discover the nature of the walkway and that she would have been more likely to had warning signs been posted. However, in Michigan, the analysis of whether a danger is open and obvious does not revolve around whether steps could have been taken to make it more open or more obvious. Instead, the question is merely whether, as it existed on the day in question, it was open and obvious to an invitee.

8

Therefore, when viewed in the light of Michigan law, I find that all of the evidence shows that there is no disputed issue of material fact that the danger was open and obvious, which precludes liability on behalf of Defendant.

Finally, with regard to Plaintiff's argument that she should have been warned of the "discontinuity" of the pavement, Michigan law provides that when the danger is obvious so that an invitee might reasonably be expected to discover it, an invitor owes no duty to warn. *See Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 485 N.W.2d 676, 681 (1992); *Novotney*, 198 Mich. App. at 473 ("there is no duty to warn of open and obvious dangers . . . .") (citing *Riddle*).

Accordingly, because Plaintiff has not "come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence" of the danger posed by the uneven walkway, *Novotney*, 198 Mich. App. at 475, I recommend that Defendant's motion for summary judgment be granted and the case dismissed.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*,

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                   s/ *Charles E Binder*
                                                           CHARLES E. BINDER
Dated: November 4, 2009                 United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Robert Sayfie and Barbara Tanase, and served on District Judge Ludington in the traditional manner.

Date: November 4, 2009               By  s/*Jean L. Broucek*
                                                           Case Manager to Magistrate Judge Binder