UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONDALEE S. LAWRENCE,

    Plaintiff,

                 Case Number 07-13161-BC
v.                 Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT WITH PREJUDICE**

    On February 13, 2008, Plaintiff Rondalee S. Lawrence filed an amended complaint [Dkt. # 15] alleging one count of negligence against Defendant United States of America arising from her trip and fall on uneven cement on the sidewalk outside of a United States Post Office building. Pursuant to the Court's general case management reference, Magistrate Judge Charles E. Binder issued a report and recommendation [Dkt. # 43] on November 4, 2009, recommending that Defendant's motion for summary judgment [Dkt. # 40] be granted because there is no genuine issue of material fact related to the "open and obvious" nature of the danger created by the uneven sidewalk. On November 17, 2009, Plaintiff filed six objections [Dkt. # 44] to the report and recommendation; and on December 3, 2009, Defendant filed a response [Dkt. # 45] to Plaintiff's objections. For the reasons stated below, Plaintiff's objections will be overruled and the report and recommendation will be adopted.

    First, Plaintiff contends that the magistrate judge did not correctly apply the summary judgment standard of review, which requires that all facts and inferences be viewed in the light most

favorable to the nonmoving party. Plaintiff contends that Defendant should not be able to raise an "open and obvious" defense based on Defendant's answer to one of Plaintiff's interrogatories, which Plaintiff contends is inconsistent with an open and obvious defense. The interrogatory question at issue is, "At the time of the incident, where (sic) you aware that the sidewalk was uneven at the same point where it was intruded upon by the base of a flag pole, which in turn narrows the area available for use by business invitees?" Defendant answered the interrogatory by stating that it "denied that the sidewalk was uneven."

Based on his conclusion that "Defendant's opinion that the question was confusing is entirely reasonable," the magistrate judge determined that Defendant should not be precluded from asserting an open and obvious defense. While Plaintiff objects that "[t]o place more credibility on the Defendant is a determination for a jury," whether a party is precluded from making a particular legal argument is properly decided by the Court, not the jury. The magistrate judge did not weigh Defendant's credibility as to its answer to the interrogatory, denying that the sidewalk was even. Indeed, based primarily on photographic evidence, it was not disputed that the sidewalk was uneven in the location where Plaintiff fell. Plaintiff's first objection will be overruled because the magistrate judge correctly applied the standard of review and did not make credibility determinations as to disputed facts.

Second, Plaintiff criticizes the magistrate judge's statement that "there is no indication in this case that Plaintiff could not have determined the existence of a 'discontinuity' of the pavement had she inspected the walkway in front of her." Plaintiff contends that the statement "indicates that the Court placed a greater duty of Plaintiff to inspect the premises, than Defendant did." Plaintiff contends that Michigan law only places a duty upon a plaintiff to "casually inspect" property, while the possessor has a duty of "regular inspection." Notably, Plaintiff did not explain how these

assertions affect the magistrate judge's analysis.  Indeed, there is no apparent inconsistency with the general proposition that the open and obvious doctrine "protects against liability whenever injury would have been avoided had an 'open and obvious' danger been observed, regardless of the alleged theories of liability."  *Millikin v. Walton Manor Mobile Home Park, Inc.*, 595 N.W.2d 152, 156 (Mich. Ct. App. 1999) (footnote omitted).  Thus, Plaintiff's second objection will be overruled.

Plaintiff's third, fourth, and fifth objections contain factual assertions regarding the development of the uneven sidewalk and a nearby crack in the sidewalk, whether the crack would normally be encountered by a person walking down the center of the sidewalk, and subsequent maintenance of the sidewalk.  Plaintiff does not explain, and it is not apparent, how these factual assertions are material to the analysis regarding whether the sidewalk encountered by Plaintiff created an "open and obvious" danger.  Thus, Plaintiff's third, fourth, and fifth objections will be overruled.

Sixth, and finally, Plaintiff objects to the way that Plaintiff's deposition was handled by defense counsel.  Plaintiff asserts that defense counsel sought to take advantage of Plaintiff's nervousness by asking her questions unrelated to the case and over Plaintiff's counsel's objections.  Importantly, Plaintiff does not assert that the magistrate judge relied on any testimony given by Plaintiff that does not accurately reflect Plaintiff's view of the material facts.  Nor has Plaintiff submitted a supplemental affidavit or other evidence to demonstrate that Plaintiff provided inaccurate testimony because she was confused by defense counsel's questions.  Thus, Plaintiff's sixth objection will be overruled.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 43] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections [Dkt. # 44] are **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 40] is **GRANTED**.

It is further **ORDERED** that the amended complaint [Dkt. # 19] is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 13, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---